(C. D. 442)

Arthur N. Cook *v.* United States

United States Customs Court, Third Division

(Decided March 3, 1941)

*E. D. Howald* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott, Richard E. FitzGibbon*, and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: The merchandise herein consists of certain embroidered articles declared upon importation to be for use as samples for the purpose of taking orders, and imported without the payment of duty under section 308, Tariff Act of 1930, wherein it is provided that such merchandise is specially admitted into the United States under regulations prescribed by the Secretary of the Treasury, under bond for their exportation within 6 months from the date of importation or extension thereof. The merchandise was not exported within the prescribed period and the collector assessed liquidated damages thereon equal to the duty plus 25 per centum. The plaintiff claims that such assessment, insofar as it exceeds the duty provided upon such articles in the Tariff Act of 1930, was illegally exacted.

The issue herein was duly tried and submitted and a decision rendered by this court sustaining the collector's action in *Cook* v. *United States*, Abstract 41722, wherein the court stated:

> The bond given at the time of entry was in pursuance with law and the importer is presumed to know the penalty for violation thereof. The collector in levying the penalty provided in the bond acted in accordance with the terms of the bond and the importer cannot be heard to complain in view of the fact that the violation thereof was deliberate and the collector collected the damages in the exact amount agreed to in the bond.

A motion for rehearing was filed, urging that the court erred in presuming that a bond had been given to insure the exportation of the merchandise, when there was no evidence before the court relative to the issuance of a bond; and that the liquidated damages demanded and paid were equal to one and a quarter times the duty rather than pursuant to any fixed amount of a bond. The motion of plaintiff was granted and the case again comes before us for decision.

At the trial the Government introduced into evidence over objection of counsel for the plaintiff a bond in the sum of $300 for redelivery to the collector of the particular merchandise in question within the bonded period for identification prior to exportation. It is provided therein that such bond shall become void only upon proof of exportation of the merchandise being furnished the collector.

Upon importation of merchandise under the terms prescribed in section 308, the entry was liquidated as conditionally free of duty. We hold that such liquidation is in accordance with law and does not become final and conclusive until cancelation of the bond through the payment of the penalty demanded, or upon export of the merchandise.

In the Customs Regulations of 1931, article 1252 (a), as amended in T. D. 46628, in respect to bonds given pursuant to section 308, it is provided for the cancelation thereof upon proof of outward shipment or upon the payment of liquidated damages equal to the entire penal sum of the bond, or upon the payment of such amount less than the full liquidated damages as may be fixed by the Commissioner of Customs.

In the case before us the damages were fixed at one and a quarter times the duty, although the amount of the bond was $300. We find that such lesser amount of damages demanded is in accordance with the regulations. The goods were not exported in pursuance with law and the penal sum of the bond became due and payable. The fact that a lesser sum was demanded and paid under authority of the Commissioner of Customs certainly is no cause for complaint. See United States v. Smith, 25 C. C. P. A. 163, T. D. 49267.

For the reasons stated we hold that the plaintiff's claim that the collection of liquidated damages amounting to 25 per centum in excess of the duty applicable to such merchandise in the Tariff Act of 1930 was an illegal exaction is without merit.

Judgment will therefore be entered in favor of the defendant.